United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILMA NUBIA ROMERO DE GONZALEZ, ANA VILMA VIDES ROMERO,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF RICHMOND ET AL,<br><br>Defendants.<br>_____/ | No. C-14-00386 DMR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DOCKET NO. 10]** |

Defendants City of Richmond, City of Richmond Police Department, Chief of Police Chris Magnus and Police Officer George Marcus (collectively, "Defendants") move the court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss portions of Plaintiffs Vilma Nubia Romero De Gonzalez and Ana Vilma Vides Romero's complaint for failure to state a claim upon which relief can be granted. [Docket No. 10.] The court conducted a hearing on May 22, 2014, during which the parties were given an opportunity to present oral argument. For the reasons below, Defendants' motion is granted.

**I. Background**

This lawsuit arises from a traffic stop and arrest that occurred in Richmond, California on July 2, 2013. Plaintiffs make the following allegations in their complaint, all of which are taken as

true for purposes of this motion.[1] On the morning of July 2, 2013, Gonzalez was driving in Richmond with Romero, her 65 year old mother. (Compl. ¶ 13.) At approximately 7:25 a.m., Defendant Richmond Police Officer George Marcus stopped Plaintiffs for an alleged moving violation.[2] (Compl. ¶ 13.) Plaintiffs dispute that any violation occurred, asserting that Marcus had no reasonable suspicion or probable cause to believe a violation had occurred. (Compl. ¶ 13.)

According to Plaintiffs, when Gonzalez questioned Marcus about the stop, he dragged her out of the vehicle, twisting her arm, handcuffing her, and placing her under arrest. (Compl. ¶ 13.) Plaintiffs also allege that Romero questioned Marcus about the stop and that Marcus pushed Romero to the ground causing her to fall, lose consciousness, and suffer injuries. (Compl. ¶ 13.) Plaintiffs allege that Marcus never issued any order, instruction, or warning before taking these actions and never informed Gonzales of the grounds for her arrest. (Compl. ¶ 13.) Following the stop, Plaintiffs allege that Marcus wrongfully caused criminal charges to be brought against Gonzalez, which remain pending. (Compl. ¶ 14.)

Plaintiffs sue the City of Richmond, Marcus, and Chris Magnus, Chief of Police of the City of Richmond, alleging claims under 42 U.S.C. § 1983 and California state law arising out of the traffic stop and Gonzalez's arrest. Defendants now move to dismiss Plaintiffs' Section 1983 claim based on the Due Process Clause of the Fourteenth Amendment and their thirteenth claim for injunctive relief. (Compl. ¶¶ 15-18; 67-70.)

## II. Legal Standards

A motion to dismiss under Federal Rule of Evidence 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

[2] Marcus stopped Gonzalez based on an alleged violation of California Vehicle Code section 22526(a), which prohibits a driver from entering an intersection unless there is sufficient space on the other side of the intersection to accommodate the vehicle driven without obstructing the through passage of vehicles from either side. (*See* Compl. ¶ 13.)

(2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation and quotation marks omitted). When a complaint presents a cognizable legal theory, the court may grant the motion if the complaint lacks "sufficient factual matter to state a facially plausible claim to relief." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

### III. Analysis

#### A. Plaintiffs' Fourteenth Amendment Due Process Claim

Defendants assert that Plaintiffs' Fourteenth Amendment due process claim fails as a matter of law because Plaintiffs' allegations implicate Fourth Amendment rights. The Supreme Court has held that where a constitutional claim is covered by a specific constitutional amendment, then the claim must be analyzed under "that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997); *see also Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002) (holding that the Fourth Amendment, "not the more generalized notion of substantive due process, must be the guide for analyzing" claims of "pretrial deprivations of liberty" (citations and internal quotation marks omitted)). Plaintiffs do not oppose this aspect of Defendants' motion. Accordingly, Plaintiffs' Fourteenth Amendment substantive due process claim is dismissed.

#### B. Plaintiffs' Claim for Injunctive Relief

Defendants next move to dismiss Plaintiffs' claim for injunctive relief prohibiting Defendants' use of excessive and/or unnecessary force. (*See* Compl. ¶¶ 68-69.) Defendants argue that Plaintiffs have not alleged sufficient facts providing Plaintiffs with standing to seek injunctive relief, citing *City of Los Angeles v. Lyons*, 461 U.S. 95 (1982). Defendants contend that *Lyons* requires Plaintiffs to show a likelihood of future harm as a result of an official policy or practice to maintain a claim for injunctive relief and assert that Plaintiffs have alleged no facts showing they

will again be subjected to the same alleged harm.[3] Plaintiffs allege that there is a pattern of ongoing constitutional violations by Richmond police officers consisting of the use of unnecessary and excessive force against citizens and an informal custom or policy ratifying these unlawful acts by tolerating and promoting their continued use. (Compl. ¶ 20.) Plaintiffs argue that they have standing to seek injunctive relief where the challenged police conduct was authorized by a policy or practice, as they allege in their second claim for relief pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

A plaintiff must demonstrate standing "separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 185 (2000). In *Lyons*, the plaintiff alleged that the defendant officers stopped him for a vehicle violation and that without provocation or justification, the officers seized him and applied a chokehold which injured him. *Id.* at 97-98. Plaintiff further alleged that the City of Los Angeles authorized and instructed its police officers to use chokeholds and that police "regularly and routinely" applied chokeholds "in innumerable situations." *Lyons*, 461 U.S. at 98. Plaintiff sued the city for injunctive relief to prevent officers from using the chokehold technique in the future, alleging that he was fearful the police would choke him again. *Id.* at 98.

The Supreme Court rejected the injunctive relief claim, holding that plaintiffs seeking injunctive relief must demonstrate a "real or immediate threat that they will be wronged again—a likelihood of substantial and immediate irreparable injury." *Id.* at 111 (internal quotation marks and citation omitted). Therefore, whether a plaintiff has standing to seek an injunction depends on whether he or she is likely to suffer future injury from allegedly unconstitutional behavior, and "the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Id*. at 102, 106 (citations omitted). Because the plaintiff in *Lyons* made no showing that he was "realistically threatened by a repetition" of the alleged injury, he failed to meet the requirements for seeking an injunction. *Id.* at 109. In so holding, the Court noted that "[a]bsent a sufficient

---

[3] Defendants do not move pursuant to Rule 12(b)(1) for lack of Article III standing and subject matter jurisdiction, but instead move pursuant to Rule 12(b)(6) for failure to state a claim. A plaintiff's lack of standing may be raised at the pleading stage under Rule 12(b)(6). *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 823 (9th Cir. 2002).

4

likelihood that he will again be wronged in a similar way, [the plaintiff] [was] no more entitled to an injunction than any other citizen of Los Angeles[.]" *Id.* at 111.

Here, as in *Lyons*, Plaintiffs have not alleged that they are realistically threatened by a repetition of the alleged misconduct by Defendants. Moreover, although Plaintiffs allege a pattern or practice of conduct by the Richmond police that Defendants have ratified through inaction, they have not alleged that they have been personally injured by the alleged pattern, other than during the July 2013 traffic stop at issue. The lack of such allegations distinguishes this case from *Thomas v. County of Los Angeles*, 978 F.2d 504 (9th Cir. 1992) (class action alleging that police used excessive force in detaining minority citizens and employed unlawful procedures in searching homes of minority residents), and other pattern and practice cases relied upon by Plaintiffs. (*See* Pls.' Opp'n 4-5, n.2-3.) Further, even if Plaintiffs have another encounter with Richmond police officers, Plaintiffs have alleged no facts indicating that excessive force would likely be used. Therefore, cases cited by Plaintiffs where it was undisputed that an injury would occur again are also distinguishable. (*See* Pls.' Opp'n 4-5 n.2. (citing *Jones v. City of Los Angeles*, 444 F.3d 1118, 1131 (9th Cir. 2006), *opinion vacated on other grounds*, 505 F.3d 1006 (9th Cir. 2007) (challenge by homeless individuals to enforcement of city ordinance that criminalized sitting, lying, or sleeping on public streets during nighttime hours; "undisputed" plaintiffs would be fined, arrested, imprisoned, and/or prosecuted under ordinance again).) Nothing in this case sufficiently distinguishes it from *Lyons* or demonstrates that these Plaintiffs are likely to suffer the same harm again. *See East v. City of Richmond*, No. C 10-2392 SBA, 2010 WL 4580112, at *6 (N.D. Cal. Nov. 3, 2010) (dismissing complaint for failure to allege "sufficient facts to establish that Plaintiff has standing to seek equitable relief . . . [plaintiff had] not identified any realistic future threat or that she will be subject to the same harm again."); *see also Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (when seeking injunction, a plaintiff must demonstrate that she is "realistically threatened by a repetition of the violation" (internal quotation marks and citations omitted)).

Plaintiffs also attempt to distinguish this case from *Lyons* by arguing that Defendants' conduct chilled Plaintiffs' freedom of speech under the First Amendment. As noted by another court in this district, "allegations showing a plaintiff's continued intent to engage in protected speech and

5

a governmental entity's continued efforts to chill such speech may establish a likelihood of future injury sufficient for standing." *Bass v. City of Fremont*, No. C12-4943 TEH, 2013 WL 891090, at *9 (N.D. Cal. Mar. 8, 2013) (dismissing claim for injunctive relief based on First Amendment retaliation claim where plaintiff did not allege his continued intent to engage in protected speech and government's continued efforts to chill such speech, citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). Plaintiffs' complaint makes only bare and conclusory allegations that Defendants violated Plaintiffs' First Amendment rights, (*see*, *e.g.*, Compl. ¶¶ 16(c), 20, 68); it does not allege any plausible facts that Plaintiffs' freedom of speech and First Amendment rights have been chilled.

In sum, Plaintiffs have failed to allege sufficient facts to establish standing to pursue their claim for injunctive relief. Plaintiffs' claim for injunctive relief is accordingly dismissed. As it is not apparent that amendment would be futile, the court dismisses this claim without prejudice and grants Plaintiffs leave to amend this claim to allege facts sufficient to confer standing to seek injunctive relief. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

### IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is granted. Plaintiffs' Fourteenth Amendment Due Process claim is dismissed. Plaintiffs' claim for injunctive relief is dismissed with leave to amend. Any amended complaint shall be filed within fourteen (14) days of this order.

IT IS SO ORDERED.

Dated: May 23, 2014



DONNA M. RYU
United States Magistrate Judge

6